UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-04960-MWF (MARx)        **Date:** August 23, 2024
**Title:** Robert A. Torres v. Warren Buffett

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                              Court Reporter:
Rita Sanchez                                Amy Diaz

Attorneys Present for Plaintiff:         Attorneys Present for Defendant:
None Present                               None Present

**Proceedings (In Chambers):** ORDER RE: PLAINTIFF'S MOTION TO REMAND STATE JURISDICTION [9]; DEFENDANT'S MOTION TO DISMISS [7]; ENTRY OF JUDGMENT

Before the Court are two motions. The first is Defendant's Motion to Dismiss ("MTD"), filed on June 20, 2024. (Docket No. 7). On July 12, 2024, instead of filing an opposition to the MTD, Plaintiff Robert Anthony Torres, pro se, filed an unnoticed Motion to Remand to State Jurisdiction ("MTR"). (Docket No. 9). Defendant Warren Buffett filed an Opposition on August 5, 2024. (Docket No. 12).

The Court has read and considered the papers on the motions and deems the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing for the MTD was therefore **VACATED** and removed from the Court's calendar and a hearing for the MTR was not set.

For the reasons discussed below, the Court rules as follows:

- The Motion to Remand is **DENIED**.

- The Motion to Dismiss is **GRANTED**.

- Defendant's request for judicial notice (Docket No. 7-4) is **DENIED** *as moot* because the Court did not rely on the document in its ruling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 24-04960-MWF (MARx) | Date: August 23, 2024 |
| Title: Robert A. Torres v. Warren Buffett | |

## I. BACKGROUND

Plaintiff alleges that he was involved in an auto accident with Andres Trejo — a client of Defendant. (Complaint (Docket No. 1-2) at 3). Plaintiff suffered severe injuries from the accident. (*Id.*). GEICO offered "Trejo's policy limit to settle its financial obligations" to Plaintiff. (*Id.*). The limit was $20,000 but Plaintiff had about $500,000 in medical costs from the accident. (*Id.*).

Plaintiff asserts five claims for relief: (1) abuse of process and circumventing law; (2) right to be secure from unreasonable seizures; (3) objection to abrogation of common sense; (4) existence of exploitative vehicle accident syndicate; (5) discrimination of patriotic motorcyclists.

## II. MOTION TO REMAND

Pursuant to 28 U.S.C. § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

Plaintiff argues that there is no diversity of citizenship because Defendant "as owner of GEICO is the persona of a California corporation, not an individual." (MTR at 2). Plaintiff further argues that Defendant "is not being sued as an individual citizen; Defendant is being sued for conducting a California corporation." (*Id.* at 5). The Complaint, however, fails to mention any direct wrongdoing by Defendant and does not assert any alter ego allegations that warrant piercing the corporate veil.

The lack of allegations coupled with the evidence that Defendant is a citizen of Nebraska, (*See* Declaration of Daniel J. Jaksich (Docket. No 7-7) ¶ 4), establishes that there is diversity jurisdiction.

Accordingly, the MTR is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 24-04960-MWF (MARx) | Date: August 23, 2024 |
| Title: Robert A. Torres v. Warren Buffett | |

### III.   MOTION TO DISMISS

Defendant moves to dismiss this action for lack of personal jurisdiction pursuant to Rule 12(b)(2).  (MTD at 1).

When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction.  *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015).  "Where, as here, [] [D]efendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss."  *Id.* (internal quotation marks and citations omitted).  While "conflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor," courts "may not assume the truth of allegations in a pleading which are contradicted by affidavit."  *Id.*; *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977) (citing *Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over [non-resident defendants]."  *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014).  "California's long-arm statute," Cal. Civ. Proc. Code § 410.10, "allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution."  *Id.*  Because section 410.10 "is coextensive with federal due process requirements . . . the jurisdictional analyses under state law and federal due process are the same."  *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014) (internal citation omitted).

There are two varieties of personal jurisdiction based on a defendant's contacts with the forum: general and specific.  General jurisdiction, which "permits a court to hear any and all claims against a defendant, whether or not the conduct at issue has any connection to the forum," may only be exercised where a defendant's contacts with the forum are "continuous and systematic."  *Ranza*, 793 F.3d at 1069–70 (internal quotation marks and citations omitted).  "Specific jurisdiction exists when a case 'aris[es] out of or relate[s] to the defendant's contacts with the forum.'"  *Ranza*, 793 F.3d at 1068 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 24-04960-MWF (MARx) | Date: August 23, 2024 |
| Title: Robert A. Torres v. Warren Buffett | |

408, 414 n. 8 (1984)). In order to be subject to a court's specific jurisdiction, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

Plaintiff's lack of opposition is sufficient grounds for granting the Motion. *See* Local Rule 7-12; *see also Ewing v. Ruano*, No. CV 09-8471-VAP (ANx), 2012 WL 2138159, at *1 (C.D. Cal. June 12, 2012) ("As noted, Plaintiff failed to oppose the defendants' motion to dismiss by the deadline established in the Local Rules. Accordingly, pursuant to Local Rule 7-12, the Court finds good cause for granting the defendants' unopposed motion to dismiss").

Even if the Court were to construe the MTR as an opposition to the MTD, the MTD would still be granted because Plaintiff has failed to sufficiently allege or argue alter-ego liability. (*See* MTR at 5 (arguing personal jurisdiction solely based on GEICO)). And based on the allegations in the Complaint, the Court can perceive no basis for exercising either general or specific jurisdiction over Defendant.

Accordingly, the MTD is **GRANTED**. Because the Court lacks jurisdiction over Defendant, this action is **DISMISSED** *without prejudice*.

IT IS SO ORDERED.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.